■ LEO MARGOLIN, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant, et al., Defendant. NEW YORK LIFE INSURANCE COMPANY, Third-Party Plaintiff-Appellant, v. PARK & ESTATE MAINTENANCE, INC., Third-Party Defendant-Respondent.— In an action to recover damages for personal injuries, the defendant and third-party plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County, entered October 22, 1970 (1) as is against it and in favor of plaintiff, upon a jury verdict on the issue of liability and upon the trial court's decision on the issue of damages and (2) as dismissed its third-party complaint, upon the trial court's decision. Judgment affirmed insofar as appealed from, with one bill of costs to respondents jointly. No opinion. Rabin, P. J., Munder, Martuscello and Brennan, JJ., concur; Hopkins, J., concurs in the affirmance of the portion of the judgment which is in favor of plaintiff against appellant, but otherwise dissents and votes to reverse the portion of the judgment which dismissed the third-party complaint and to grant judgment on the third-party complaint in favor of appellant against the third-party defendant, with the following memorandum: Plaintiff has been granted a recovery against appellant, the New York Life Insurance Company, for damages suffered as the result of a fall on a sidewalk maintained by the latter. I agree that that portion of the judgment should be affirmed. My division from the majority arises from the dismissal of the third-party complaint against Park & Estate Maintenance, Inc. Park, under contract with New York Life, agreed to clear the sidewalks on the latter's property of ice and snow. The contract provided that Park assumed "entire responsibility and liability for any and all damage or injuries of any kind or nature to persons whether employees or otherwise * * * caused by or resulting from the execution of the work or occurring in connection therewith, and agrees to indemnify and save harmless the owner * * * from and against any and all claims, liability, loss expense, damage or injury directly or indirectly by tools, implements, appliances, scaffolding ways, works or machinery or other property." The question is whether Park, by its contract, indemnified New York Life for the liability found to have been created by the negligence of New York Life. The contractual indemnification is broad and all-embracing, including, as it says, liability for injuries "occurring in connection" with the work or "directly or indirectly by tools * * * works or machinery". Even though the negligence of the owner is not expressly mentioned, the language, fairly construed, includes liability for such negligence (cf. *Levine* v. *Shell Oil Co.*, 28 N Y 2d 205; *Kurek* v. *Port Chester Housing Auth.*, 18 N Y 2d 450; *Fuller Co.* v. *Fischbach & Moore*, 7 A D 2d 33). Park undertook, by reason of its contractual relationship with the owner, to indemnify the owner against its active negligence — so long as the injury

arose out of, or was connected with, the work to be performed by Park under the contract. Here, it is clear that the injury arose out of and was connected with the work, since plaintiff slipped on ice on sidewalk which Park had contracted to clear. Nor does it matter that the jury found that the ice occurred because of a defective condition in the sidewalk under the control of the owner and for which the owner was responsible. That failure by the owner to repair was simply an aspect of negligence within the scope of the indemnity provision. Nor may the indemnity be avoided because the defective condition was beyond the duty of Park under its obligation to clear the sidewalks of snow, or even beyond its power to make the sidewalk safe. An indemnity agreement may be enforced, though the indemnitor cannot control the actions of the indemnitee (cf. *Centino* v. *Isbrandtsen Co.*, 11 N Y 2d 690, revg. 13 A D 2d 977, cert. den. *sub nom. Universal Term. & Stevedoring Corp.* v. *Isbrandtsen Co.*, 370 U. S. 912; *Salamy* v. *New York Cent. System*, 1 A D 2d 27). A party may assume to pay for injuries created by a risk not of its own making, provided that the agreement is supported by a consideration. For these reasons, I dissent in part and vote to grant judgment over against Park under its contract.